UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CARLENE PINTO,

|  |  |
|---|---|
| Plaintiff, | **AMENDED COMPLAINT AND DEMAND FOR A JURY TRIAL** |
| -v- | Index No. 15-CV-9696 (CM)(AJP) |

THE CITY OF NEW YORK; New York City Police
Department Officer ("P.O.") JOSEPH DIAZ
(Shield No. 04744), P.O. RENAUD RICHARDSON
(Shield No. 26372), P.O. JOHN DOES 1-10,
in their individual capacities,

                                        Defendants.
------------------------------------------------------------------x

Plaintiff Carlene Pinto, by her attorneys Gillian Cassell-Stiga and David B. Rankin of

Rankin & Taylor, PLLC, for her complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the First, Fourth, and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, along with pendent claims under the laws of the State of New York.

2. Plaintiff Carlene Pinto's rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally detained, assaulted, and arrested plaintiff despite the absence of probable cause in manner constituting a gross abuse of authority. By reason of defendants' actions, plaintiff was deprived of her constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

1

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

5.  Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

6.  In accordance with the requirements of New York General Municipal Law § 50-e, Ms. Pinto filed a timely Notice of Claim with the New York City Comptroller on or about August 18, 2015. Thus, this Court has supplemental jurisdiction over Ms. Pinto's claims under New York law because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

7.  Ms. Pinto's claims have not been adjusted by the New York City Comptroller's Office.

8.  An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

9.  Plaintiff Carlene Pinto is, and was at all times relevant to this action, a resident of the State of New Jersey.

10. Defendant The City of New York is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and police officers as said risks attach to the public consumers of the services provided by the NYPD.

11. NYPD Officer ("P.O.") Joseph Diaz (Shield No. 04744) ("Diaz"), P.O. Renaud Richardson (Shield No. 26372) ("Richardson"), and P.O. John Does 1 - 10, (referred to collectively as

the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

12. The individual defendants are being sued in their individual capacities.

13. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

14. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

15. At all relevant times, the individual defendants were engaged in joint ventures, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

16. The true names and shield numbers of defendants P.O. John Doe 1 – 10 are not currently known to the plaintiff.[1]  However, they are employees or agents of the NYPD. Accordingly, they are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k.  The Law Department, then, is hereby put on notice (a) that plaintiff intends to name said officers as defendants in an amended pleading once the true names and shield numbers

---

[1]       By identifying said defendants as "John Doe" or "Richard Roe," plaintiffs are making no representations as to the gender of said defendants.

of said defendants become known to plaintiff and (b) that the Law Department should immediately begin preparing their defense in this action.

## STATEMENT OF FACTS

17. At approximately 9:00 p.m. on April 29, 2015, Ms. Pinto was unlawfully arrested by P.O. Diaz, P.O. Richardson, and P.O. John Does 1-10 at 12th Avenue between 56th and 57th Streets in Manhattan County in the State of New York.

18. Ms. Pinto was peacefully marching with a large group of people as part of a demonstration.

19. Upon arriving at 12th Avenue, Ms. Pinto was instructed by officers to remain on the sidewalk. Ms. Pinto complied.

20. Ms. Pinto remained standing on the sidewalk peacefully holding a sign.

21. Without provocation, P.O. Diaz and P.O. Richardson grabbed Ms. Pinto and forcefully pulled her off the sidewalk and into the street, where she was then handcuffed.

22. P.O. John Does 2-10 were standing directly in front of Ms. Pinto at the time and failed to intervene.

23. As a result of her arrest, Ms. Pinto spent under 12 hours in Defendants' custody and was released with a Desk Appearance Ticket.

24. Ms. Pinto was charged with Disorderly Conduct, P.L. § 240.20(5), and Disorderly Conduct, P.L. § 240.20(6).

25. These charges were based upon the false statements of P.O. Diaz, alleging Ms. Pinto "would not stay on the sidewalk." Defendants were substantially motivated by the desire to retaliate against plaintiff for exercising her First Amendment right to free speech.

26. This incident was captured on video, revealing Ms. Pinto was in fact pulled by the individual defendant officers of the NYPD into the street immediately prior to her arrest.

4

27. Ms. Pinto was forced to appear in court on two occasions.

28. The charges against Ms. Pinto were dismissed on or about August 10, 2015.

## FIRST CLAIM
### DEPRIVATION OF RIGHTS
### UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. §1983
**(Against the individual defendants)**

29. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if
fully set forth herein.

30. By their conduct and actions in falsely arresting plaintiff, retaliating against her exercise of
free speech, fabricating evidence, using excessive force, maliciously prosecuting plaintiff,
abusing process, and by failing to intercede to prevent the complained of conduct, the
individual defendants, acting under color of law and without lawful justification,
intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural
and probable consequences of their acts, caused injury and damage in violation of plaintiff's
constitutional rights as guaranteed through 42 U.S.C. § 1983 and the United States
Constitution, including its First, Fourth, and Fourteenth Amendments.

31. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional
distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and
injured.

## SECOND CLAIM FOR RELIEF
### LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS
**(Against the City of New York)**

32. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if
fully set forth herein.

5

33. At all times material to this complaint, defendant City had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

34. At all times material to this complaint, defendant City failed to properly train, screen, supervise, or discipline its employees and police officers, including the individual defendants and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants.

35. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its First, Fourth, and Fourteenth Amendments.

36. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM FOR RELIEF
### FALSE ARREST AND FALSE IMPRISONMENT
### UNDER THE LAWS OF THE STATE OF NEW YORK
### (*Against all defendants*)

37. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

38. By the actions described above, individual defendants caused to be falsely arrested or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to plaintiff and violated her

statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

39. The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

40. As a result of the foregoing, plaintiff was deprived of her liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

**FOURTH CLAIM FOR RELIEF**
**ASSAULT AND BATTERY**
**UNDER THE LAWS OF THE STATE OF NEW YORK**
***(Against all defendants)***

41. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42. By the actions described above (namely, grabbing plaintiff and forwarding false information to other police officers, resulting in the custodial arrest of plaintiff), the individual defendants did inflict assault and battery upon plaintiff. The acts and conduct of individual defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

43. The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with

and/or invoking state power and/or authority, and, as a result, defendant City is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

44. As a result of the foregoing, plaintiff suffered emotional distress, humiliation, and was otherwise damaged and injured.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION
### <u>UNDER THE LAWS OF THE STATE OF NEW YORK</u>
### *Against all defendants*)

45. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

46. By the actions described above (including but not limited to P.O. Diaz forwarding false information to fellow police officers and officials of the District Attorney's Office), the individual defendants caused a criminal proceeding to be initiated against plaintiff, even though there was no probable cause for an arrest or prosecution in this matter. The individual defendants maliciously caused this prosecution to be initiated in that they knew there was no probable cause for such prosecution and that they further wished to harm and punish plaintiff for illegitimate reasons and to cover for the individual defendants' misdeeds. The criminal case against plaintiff was terminated in her favor in that all charges were dismissed.

47. The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

48. As a result of the foregoing, plaintiff was deprived of her liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

## SIXTH CLAIM FOR RELIEF
### ABUSE OF PROCESS
### UNDER THE LAWS OF THE STATE OF NEW YORK
### (*Against all defendants*)

49. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

50. By the conduct and actions described above, the individual defendants caused regularly issued process to be issued against plaintiff compelling the performance or forbearance of prescribed acts, including but not limited to causing criminal process to issue. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the individual defendants were seeking a collateral advantage or corresponding detriment to plaintiff, including but not limited to covering for their own misdeeds by causing plaintiff to be charged with crimes, a goal which was outside the legitimate ends of the process. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

51. The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

52. As a result of the foregoing, plaintiff was deprived of her liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

**SEVENTH CLAIM FOR RELIEF**
**NEGLIGENT HIRING, SCREENING, SUPERVISION, AND RETENTION**
**UNDER THE LAWS OF THE STATE OF NEW YORK**
**(Defendant the City of New York)**

53. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

54. Defendant the City of New York negligently hired, screened, retained, supervised, and trained the individual defendants.

55. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

[this portion intentionally left blank]

## JURY DEMAND

56. Plaintiff demands a trial by jury in this action on each and every one of her damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a.   That she be compensated for violation of her constitutional rights, pain, suffering, mental anguish, and humiliation; and

b.   That she be awarded punitive damages against the individual defendants; and

c.   That she be compensated for attorneys' fees and the costs and disbursements of this action; and

d.   For such other further and different relief as to the Court may seem just and proper.

Dated:   New York, New York
         June 27, 2016

                                   Respectfully submitted,

By:   _____
                                   Gillian Cassell-Stiga
                                   David B. Rankin
                                   Rankin & Taylor, PLLC
                                   *Attorneys for the Plaintiff*
                                   11 Park Place, Suite 914
                                   New York, New York 10007
                                   t: 212-226-4507
                                   Gillian@DRMTLaw.com