# Rankin & Taylor
**Attorneys at Law**

_____
11 Park Place, Suite 914                                Gillian@DRMTLaw.com
New York, NY 10007                                      Phone: 212-226-4507
                                                        Fax: 212-658-9480

**VIA ECF ONLY**

August 29, 2016

Honorable Colleen McMahon
United State District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:   *Pinto, Carlene v. City of New York, et al.*
                  <u>Index No. 15-CV-9696 (CM) (AJP)</u>

Your Honor:

      I am an associate attorney at Rankin and Taylor, PLLC, attorneys for the plaintiff in the above-referenced matter. I write pursuant to the Court's Individual Rules, to respectfully request an order of reference to the Magistrate Judge Peck for the purpose of resolving outstanding discovery including: (1) defendants' responses to plaintiff's first set of discovery requests; (2) all video from April 29, 2015 in defendants' possession; (3) disciplinary records for the individual defendants; and (4) training materials provided to the individual defendants.

      By way of background, at approximately 9:00 p.m. on April 29, 2015, plaintiff Carlene Pinto was unlawfully arrested while peacefully standing on a sidewalk as part of a demonstration. (Complaint, DE 1, ¶¶ 17-21). Without provocation, Ms. Pinto was forcefully pulled off the sidewalk and into the street by an officer of the New York City Police Department (NYPD), upon information and belief defendant Joseph Diaz, amidst a large group of NYPD officers standing on 12th Avenue. (<u>Id</u>., ¶¶ 21-22). Ms. Pinto was handcuffed and held overnight before she was released with a desk appearance ticket and charged with Disorderly Conduct, P.L. § 240.20(5) and Disorderly Conduct, P.L. § 240.20(6). (<u>Id</u>., ¶¶ 23-24). The charges against Ms. Pinto were dismissed on or about August 10, 2015. (<u>Id</u>., ¶¶ 28).

      On December 11, 2015, Ms. Pinto commenced this action against the City of New York, NYPD Officer ("P.O.") Joseph Diaz, and "John Doe" officers under 42 U.S.C. § 1983 for violations of her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution. On March 4, 2016, defendants filed an Answer and this case was automatically assigned to participate in the Court's Plan for Certain § 1983 Cases Against the City of New York. <u>See</u> DE 13; Local Civil Rule 83.10 ("§ 1983 Plan"). On or before March 25, 2016, the parties exchanged initial disclosures. Plaintiff produced video of

plaintiff's arrest. On April 1, 2016, defendants provided limited disclosures pursuant to Local Civil Rule 83.10. The parties then attended a settlement conference on April 28, 2016, but could not come to an agreement. An initial pretrial conference was held on June 24, 2016, at which time the close of discovery was set for September 30, 2016.

On or about June 24, 2016, plaintiff served Plaintiff's First Set of Interrogatories and Demands for Documents (hereinafter "Plaintiff's Requests"). On July 22, 2016, defendants requested an extension of time to respond to plaintiff's requests. Plaintiff agreed to an extension of a few more days for both parties. Plaintiff provided responses to defendants' discovery requests on July 26, 2016. On August 25, 2016, plaintiff contacted defendants concerning the outstanding video of plaintiff and defendants' responses to Plaintiff's Requests. At that time defendants indicated that they did not object to production of the items #1-3 above, but would not be able to provide these items prior to the depositions presently scheduled. Although defendants have yet to served responses to Plaintiff's Requests served over two months prior, defendants for the first time stated an objection to the production of item #4 (training materials) and the intent to "seek to bifurcate Monell discovery." The deposition of plaintiff is presently scheduled for tomorrow, August 30, 2016. The depositions of the individual defendants are scheduled for August 31st and September 22nd. Plaintiff respectfully requests the Court refer the aforementioned outstanding discovery issues to Magistrate Judge Peck.

Plaintiff thanks the Court for its time and attention to this matter.

Respectfully submitted,

Gillian Cassell-Stiga

cc: Elissa Paulette Fudim, defense counsel (*via ecf*)
Plaintiff (*via hand delivery*)